NATHAN PAKALINSKY, an infant, etc., Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

Where a person sees an engine upon a railroad, and knows, in time to avoid an injury, that it is approaching a crossing the railroad company is not chargeable with negligence in not ringing the bell upon the engine, or because of the absence of a flagman usually stationed at the crossing, or the absence of a light upon the engine in the night time; as the sole object of ringing the bell or of keeping a flagman or of having a light, so far as travelers upon a highway are concerned, is to notify them of the approach of trains.

Plaintiff, in attempting to cross the tracks of defendant's road, after dark, caught his foot between a rail and the planking, and before he could extricate himself was struck by the tender of an engine backing upon the track, and injured.   In an action to recover damages the negligence charged was that the bell of the engine was not rung, that there was no flagman at the crossing, although one had usually been stationed there; that the regular fireman was not at the time upon the engine, and that

there was no light on the rear of the tender. Plaintiff testified that he saw the engine while it was standing still, and when it was backing. He could have passed over the track in safety if his foot had not caught. It did not appear and was not claimed, that the engineer could have seen plaintiff in time to have avoided the accident, and it did not appear that the absence of the fireman in any way contributed to the accident. *Held,* that the evidence failed to show any negligence on the part of defendant which caused or contributed to the injury; and that a charge to the jury that they could base a finding of negligence against defendant on the absence of the flagman was error.

(Submitted October 4, 1880; decided November 9, 1880.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Kennedy & Tracy* for appellant. Whether the bell was rung or not is unimportant, since the only object in ringing a bell is to notify those approaching a railroad crossing of an approaching train. (*Chicago, R. I. & P. R. R. Co.* v. *Houston,* 5 N. Y. Dig., No. 22, p. 523.) The fact that plaintiff testified that he did not hear the bell ring furnished no evidence for the jury. (*Calhoun* v. *N. Y. C. & H. R. R. R. Co.,* 90 N. Y. 133; *Serbert* v. *Em. R. R. Co.,* 49 Barb. 584, 586.) Plaintiff's attempt to cross in front of an approaching engine, was negligence. (*Bellou* v. *Baxter,* 54 N. Y. 245; § 44, chap. 140, Laws 1850; *Calhoun* v. *N. Y. C.,* 60 N. Y. 133; *Sheldon* v. *Hudson R. R. R. Co.,* 4 Kern. 224.) Evidence of the presence or absence of a flagman at the time the accident occurred is wholly unimportant, and it was error to instruct the jury that they might charge the defendant with negligence because of the absence of one. (*Grippen* v. *N. Y. C. R. R. Co.,* 40 N. Y. 34; *Weber* v. *N. Y. C. R. R. Co.,* 58 id. 451; *McGrath* v. *N. Y. C. R. R. Co.,* 59 id. 468.)

*Irving G. Vann* for respondent. The defendant was guilty of negligence. (*Renwick* v. *N. Y. C. R. R. Co.,* 36 N. Y.

132 ; *Gaston* v. *Erie R. R. Co.*, 45 id. 660 ; *Kissenger* v. *N. Y. C. & H. R. R. R. Co.*, 56 id. 543 ; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 64 id. 535 ; 70 id. 119; *McGovern* v. *N. Y. C. & H. R. R. R. Co.*, 67 id. 417 ; *Dolan* v. *Del. & Hud. Canal Co.*, 71 id. 285.) Its negligence caused the injury to the plaintiff. (*McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 522, 529.) Plaintiff was not guilty of contributory negligence. (*Morrison* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 643 ; *Johnson* v. *Lane*, 20 id. 65 ; *Jetter* v. *N. Y. C. & H. R. R. R. Co.*, 2 Keyes, 154 ; *Beiseigel* v. *N. Y. C. R. R. Co.*, 34 N. Y. 622 ; *Twombley* v. *N. & E. R. R. Co.*, 69 id. 158; *Hackford* v. *N. Y. C. & H. R. R. R. Co.*, 53 id. 654 ; *Coulter* v. *Am. Ex. Co.*, 56 id. 585.) The question as to defendant's negligence, and as to the contributory negligence of the plaintiff were questions of fact for the jury. ( *Wolfkiel* v. *The Sixth Ave. R. R. Co.*, 38 N. Y. 49 ; *Ernst* v. *H. R. R. R. Co.*, 35 id. 10 ; *Warner* v. *N. Y. C. & H. R. R. R. Co.*, 44 id. 465 ; *Davis* v. *Same*, 47 id. 400 ; *Beiseigel* v. *N. Y. C. R. R. Co.*, 34 id. 622 ; *Thurber* v. *Harlem Bridge M. & F. R. R. Co.*, 60 id. 326 ; *Bernhard* v. *Rensselaer & S. R. R. Co.*, 1 Abb. Ct. App. Dec. 131 ; *Belton* v. *Baxter*, 58 N. Y. 411 ; *Hackford* v. *N. Y. C. & H. R. R. R. Co.*, 53 id. 654 ; *Hoffman* v. *Same*, MSS. opinion ; *Morrison* v. *Same*, 63 N. Y. 643 ; *Heber* v. *Same*, 67 id. 587.)

EARL, J. This action was commenced to recover for personal injuries alleged to have been caused to the plaintiff by the carelessness of the defendant.

On the 25th day of September, 1875, between six and seven o'clock in the evening, the plaintiff, being then about ten years old, was passing northerly upon the sidewalk of Clinton street, in the city of Syracuse, at a point where defendant's road crosses the same street in an easterly and westerly direction ; and while he was endeavoring to cross the railroad tracks, he was struck by the tender of an engine backing easterly and one of his legs was so crushed that it had to be amputated. The defendant defended the action upon the grounds that

plaintiff's negligence contributed to the accident, and that it was free from any negligence contributing to the accident.

Whether or not there was any contributory negligence on the part of the plaintiff was fairly a question for the jury and was properly submitted to them. But I am of opinion that there was an entire failure of evidence showing any negligence on the part of the defendant.

I will notice separately the alleged grounds of negligence on the part of the defendant: *First.* It is said that the bell upon the engine was not rung as it was backing easterly. But it is impossible to perceive how that in any way contributed to the accident. The sole object of ringing a bell upon an engine is to notify persons who might be upon or near a railroad crossing of the approach of the engine, so that they can get or keep out of its way. If one sees the engine and knows that it is approaching, he needs not the warning of the bell, and as to him it is useless to ring it. Here the plaintiff saw the engine, at first standing still, then starting and going westerly, and then backing easterly toward him, and while he was endeavoring to run across the tracks, one of his feet became fastened between a rail and planking, and he fell down and was run over. He thus had all the notice the ringing of the bell could have given him, and the omission to ring it had nothing whatever to do with the accident. *Second.* It is said that there was at this time no flagman at the crossing, although one had been usually stationed there. The duty of a flagman is to notify travelers crossing the railroad of the approach of trains; and when a traveler knows of the approach of a train, and sees it approaching, as to him the flagman has no duty to perform. The plaintiff's conduct was in no way influenced by the absence of a flagman, as he did not know that one had usually been kept at that point. Besides, it was not the duty of the defendant to station or keep a flagman at that crossing; and so far as the trial judge in his charge instructed the jury that they could base a finding of negligence against the defendant on the absence of the flagman, he was clearly in error. (*McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 59 N. Y. 468; *S.*

*C.*, 63 id. 522.) *Third.* The regular fireman was just at that time off from the engine, but there is no proof and no just inference that that had any thing whatever to do with the accident. It does not appear what he could or would have done if present to have avoided the accident. *Fourth.* It is said that there was no light on the rear of the tender which was backed upon the plaintiff, although the night was dark. But that could make no difference with the plaintiff, as he testified he plainly saw the engine from the time it started. It does not appear how the light would have aided him in any way. There was no proof showing, and the claim is not made that the engineer upon the engine ought to have seen the plaintiff, or that he could have seen him in time to have avoided the accident.

I have now noticed all the grounds of negligence, and it will be seen that none of them furnish any basis for this action. Upon the evidence this was a pure accident. The plaintiff could have passed over the railroad in safety if his foot had not been so caught that he could not pass on. That was something that could not have been anticipated by any one. It does not appear, and there is no evidence tending to show that the engine was carelessly handled in any way. The injury was all the work of but a moment. Plaintiff's misfortune excites commiseration, but it cannot justly be visited upon the defendant.

The judgment should be reversed and new trial granted.

Folger, Ch. J., Rapallo and Miller, JJ., concur; Andrews, Danforth and Finch, JJ., dissent.

Judgment reversed.